Case 3:16-cr-00405-GAG    Document 27    Filed 11/16/16    Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**NOEL D. CRUZ-TORRES ,**<br>Defendant. | CRIMINAL NO. 16-405 (GAG) |



**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:



COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy R. Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Alexander L. Alum, Assistant United States Attorney, along with the defendant, Noel D. Cruz-Torres, and his counsel, Victor Gonzalez-Bothwell, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1.   **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count One of the Indictment, which alleges a violation of 18 U.S.C. § 844(i).

2.   **STATUTORY MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than five years and not more than twenty years pursuant to 18 U.S.C. § 844(i); a fine not to exceed two hundred fifty thousand dollars ($250,000.00) pursuant to

1

18 U.S.C. § 3571(b)(3); a term of supervised release of not more than three years pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars $100.00, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 3. SENTENCING GUIDELINES APPLICABILITY

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.



### 4. SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).



### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, the defendant understands and acknowledges that

the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. The defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

**INTENTIONALLY LEFT BLANK**

| SENTENCING GUIDELINE CLACULATION COUNT ONE 18 U.S.C. § 844(i) | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K1.4(a) | 24 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1(a)-(b) | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 21 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY I | 37-46 Months |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY II | 41-51 Months |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY III | 46-57 Months |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY IV | 57-71 Months |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY V | 70-87 Months |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY VI | 77-96 Months |




8.     **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**
The parties do **not** stipulate as to any Criminal History Category for Defendant.

9.     **SENTENCE RECOMMENDATION**

The parties agree jointly to recommend a sentence of 60 months if the defendant's criminal history category is I, II, III, or IV. If the defendant's criminal history category is V or greater, the parties agree jointly to recommend a sentence at the lower end of the guideline range applicable to a guideline offense level of 21. The parties further agree that the sentencing recommendation set forth herein is reasonable pursuant to 18 U.S.C. § 3553(a).

4

**10.   WAIVER OF APPEAL**

The defendant hereby agrees that if this Court accepts this Plea and Forfeiture Agreement and sentences him according to its terms, conditions, and recommendations, he waives and surrenders his right to appeal the judgment and sentence in this case.

**11.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



**12.   SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with counsel, Victor Gonzalez-Bothwell, Esq., and asserts that counsel has rendered effective legal assistance.

**13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

The defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, he would have had the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

   b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the

5

jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it would have to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.




d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea and Forfeiture Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **EXPLOSIVES FORFEITURE**

Pursuant to 18 U.S.C. § 844(c) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): all explosive devices used or intended to be used in violation of 18 U.S.C. § 844(i) including, but not limited to, eight Molotov cocktails.



16. **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

17. **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other terms and conditions not stated herein.

18. **AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19.  **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy R. Henwood**
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 10-12-16

_____
**Victor Gonzalez-Bothwell, Esq.**
Counsel for Defendant
Dated: 11/16/2016

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 10-12-16

_____
**Noel D. Cruz-Torres**
Defendant
Dated: 11/16/2016

_____
**Alexander L. Alum**
Assistant United States Attorney
Violent Crimes Unit
Dated: 10/11/16

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My attorney has translated the Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea and Forfeiture Agreement and voluntarily agree to it.

Date: 11/16/2016

_____
Noel D. Cruz-Torres
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with the defendant. I have translated the Plea and Forfeiture Agreement and explained it in the Spanish language to the defendant who has expressed no doubts as to the contents of the Plea and Forfeiture Agreement. To my knowledge, the defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of a plea of guilty.

Date: 11/16/2016

_____
Victor Gonzalez-Bothwell, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and the defendant, Noel D. Cruz-Torres, agree that the following is a true and accurate summary of the facts leading to the defendant's acceptance of criminal responsibility for violating 18 U.S.C. § 844(i).

On June 18, 2016, an individual called the 911 system to report an explosion in the vicinity of the DuPont Pioneer facility located in Salinas, Puerto Rico. Following the 911 call, officers of the Puerto Rico Police Department ("PRPD") responded to the DuPont Pioneer facility, and found a burning vehicle in a nearby plantain field. PRPD officers later observed an individual—later identified as Noel D. Cruz-Torres—throwing Molotov cocktails at the DuPont Pioneer facility. As the PRPD officers approached Cruz-Torres, Cruz-Torres attempted to flee. A foot pursuit followed. During this foot pursuit, Cruz-Torres threw a Molotov cocktail at a PRPD officer and later threw another Molotov cocktail at a firetruck. PRPD officers ultimately apprehended Cruz-Torres and placed him under arrest.

A while later, agents of the Federal Bureau of Investigation ("FBI") recovered more than four Molotov cocktails which Cruz-Torres had thrown at the DuPont Pioneer facility. These Molotov cocktails caused damage to the DuPont Pioneer facility; such damage included charring to the building; a broken window; smoke and fire damage to a vehicle belonging to DuPont Pioneer; and burning damage to a corridor of lockers at the DuPont Pioneer facility.

Approximately 100 yards from where Cruz-Torres was apprehended, law enforcement officers recovered a black backpack with one Molotov cocktail inside. Near the burning vehicle in the plantain field close to the DuPont Pioneer facility, law enforcement officers recovered a flag with writing stating: "LEVANTATE BORICUA Q HA LLEGADO EL MOMENTO DE

DEFENDER NTRA PATRIA: VIVA P.R. LIBRE." In English, the writing on the flag means, "Rise up Puerto Rican, the moment to defend our fatherland has arrived: long live free Puerto Rico.

While Cruz-Torres exercised his right not to make any statements to law enforcement officers following his arrest, he did indicate to members of the press that he was displeased with companies involved in genetic crop engineering, such as DuPont Pioneer.

During the course of the investigation, FBI agents confirmed that the DuPont Pioneer facility in Salinas is an agricultural business that conducts crop-genetic engineering research and developments, and imports seeds from Iowa.

For purposes of this Plea and Forfeiture Agreement, Noel D. Cruz-Torres acknowledges that he maliciously damaged, and attempted to damage and destroy, by means of fire and explosive, a building engaged in activity affecting interstate or foreign commerce, in violation of 18 U.S.C. § 844(i).

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement officers and lay witnesses; videos and audio recordings; and physical and documentary evidence to prove that Noel D. Cruz-Torres is guilty as charged in Count One of the Indictment.

Discovery was provided to the defendant in a timely manner for review.

**Alexander L. Alum**  
Assistant United States Attorney  
Dated: 10/11/16

**Victor Gonzalez-Bothwell, Esq.**  
Counsel for Defendant  
Dated: 11/16/2016

**Noel D. Cruz-Torres**  
Defendant  
Dated: 11/16/2016